Robert T. Mowrey
Texas Bar No. 14607500
Jason L. Sanders
Texas Bar No. 24037428
Melissa S. Hayward
Texas Bar No. 24044908
LOCKE LIDDELL & SAPP PLLC
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)

ATTORNEYS FOR AURORA
LOAN SERVICES, INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **RICHARD C. KIRKPATRICK** | § | CASE NO. 07-43257-DML |
| d/b/a KIRKPATRICK & ASSOCIATES | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

### UNOPPOSED MOTION FOR ORDER GRANTING
### RELIEF FROM THE AUTOMATIC STAY

### L.R. 4001.1(B) NOTICE

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWELVE (12) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE D. MICHAEL LYNN
UNITED STATES BANKRUPTCY JUDGE:

Aurora Loan Services, Inc., ("Aurora"), in accordance with Section 362(d) of the Bankruptcy Code, files this "*Unopposed Motion for Order Granting Relief from the Automatic Stay*" (the "Motion"). In support of the Motion, Aurora would respectfully show the Court as follows:

**I.**

**BACKGROUND FACTS**

1. Lehman Brothers Bank, FSB, a federal savings bank, and Lehman Brothers Holdings, Inc., its parent company (collectively, "Lehman"), engage in the purchase and sale of mortgage loans. Aurora is Lehman's authorized agent and services loans on Lehman's behalf.

2. Richard C. Kirkpatrick (the "Debtor") is a real estate appraiser licensed by the State of Texas who does business as Kirkpatrick and Associates.

3. The Debtor owns a "Real Estate Appraisers Professional Liability Insurance Policy" (the "Policy") issued by Liberty Surplus Insurance Corporation (the "Insurance Company"), which provides the Debtor malpractice insurance coverage. A true and correct copy of the Policy is attached hereto as Exhibit 1 and incorporated herein.

4. Pursuant to the Policy, the Insurance Company "will pay on behalf of the Insured all sums…which the Insured shall become legally obligated to pay as Damages[1] and Claims Expenses[2] …as a result of a Wrongful Act[3] by the Insured or any Entity for whom the Insured is legally liable…"[4]

---

[1] The Policy defines the term "Damages" as "a compensatory monetary amount for which the insured may be held legally liable, including judgments…" See Policy, § IV(C).

[2] The Policy defines the term "Claims Expenses" as "(1) Reasonable and necessary fees charged by an attorney(s) designated by the [Insurance] Company…and (2) all other fees, costs and charges, resulting from the investigation, adjustment, defense, and appeal of a Claim…" See Policy, § IV(B).

5. On March 2, 2004, the Debtor issued an independent appraisal of certain property located at 2075 Broken Bend Lane, Frisco, Texas, 75034 (the "Property") in which he valued the Property at $550,000.00 (the "Appraisal").

6. Based upon the Appraisal of the Property, Lehman funded mortgage loans (the "Loans") to Magnolia Harris, the purchaser of the Property ("Ms. Harris"), in the amount of $550,000.00.

7. Ms. Harris subsequently defaulted on the Loans and Aurora foreclosed upon the Property. After the foreclosure, Aurora learned that the Appraisal had substantially overvalued the Property.

8. As a result of the Debtor's overvaluation of the Property, Aurora and Lehman suffered substantial loss upon the resale of the Property.

9. On September 27, 2006, Aurora filed an Original Petition against the Debtor in the 393rd Judicial District Court in Denton County, Texas, commencing case number 2006-60286-393 (the "State Court Action"). In the Original Petition, Aurora alleged that the Debtor was negligent in conducting the Appraisal and that the Debtor negligently misrepresented the value of the Property.

10. On August 3, 2007, while the State Court Action was pending, the Debtor filed his voluntary petition with the Court, commencing this bankruptcy case. The Debtor filed a suggestion of bankruptcy in the State Court Action on August 7, 2007.

---

[3] The term "Wrongful Act" is defined as "any actual or alleged act, error, omission, or Personal Injury in the rendering of or failure to render Professional Services." See Policy, § IV(P). The term "Professional Services" is defined as "those services the Insured is legally qualified to perform for others in the Insured's capacity as a Real Estate Appraiser." See Policy, § IV(M).

[4] Policy, § I(A).

## II.

## ARGUMENTS AND AUTHORITIES

11. Aurora and Lehman wish to make a claim against the Policy for the losses they suffered as a result of the Debtor's negligence and negligent misrepresentations.

12. Aurora believes that any proceeds from the Policy are not property of the Debtor's bankruptcy estate. Notwithstanding, out of an abundance of caution Aurora moves this Court for relief from the automatic stay so that it may make a claim against the Policy.

13. First, this Court should grant relief from the automatic stay because the proceeds from Debtor's Policy are not property of the Debtor's bankruptcy estate. Second, even if the Debtor's bankruptcy estate has an interest in the proceeds from the Policy, "cause" exists for this Court to modify the automatic stay pursuant to Section 362(d) of the Bankruptcy Code to permit Aurora to make a claim against the Policy.

14. Moreover, Shawn K. Brown, the Chapter 7 Trustee appointed in this bankruptcy case, and Eric A. Liepins, the attorney representing the Debtor, do not oppose this Motion.

**A.  Aurora should be permitted to make a claim against the Policy notwithstanding the Debtor's pending bankruptcy case because the proceeds from the Debtor's Policy are not property of the Debtor's bankruptcy estate.**

15. Aurora should be permitted to make a claim against the Policy notwithstanding the Debtor's pending bankruptcy case because the proceeds from the Debtor's Policy are not property of the Debtor's bankruptcy estate. In the Fifth Circuit, a debtor's insurance policy is generally property of the bankruptcy estate because the debtor retains certain contractual rights under the policy itself.[5] Nonetheless, under the typical liability policy, a debtor generally will not have a cognizable interest in the proceeds from the policy because the debtor usually has no

---

[5] See Matter of Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993).

right to receive and keep the proceeds when the insurer pays on a claim.[6] As such, the proceeds themselves are not property of the estate.[7]

16. Here, the proceeds from the Debtor's Policy are not property of the Debtor's bankruptcy estate and Aurora should be permitted to make a claim against the Policy notwithstanding the Debtor's pending bankruptcy case. Under the Policy, the Insurance Company will pay "on behalf of the Debtor all sums…which [the Debtor] shall become legally obligated to pay as Damages and Claims Expenses."[8] Thus, any proceeds paid from the Policy are "payable only for the benefit of those harmed by the debtor under the terms of the insurance contract."[9]

17. Moreover, the Debtor's pending bankruptcy case does not prevent Aurora from making a claim against the Policy because Section 524(a) of the Bankruptcy Code does not affect the liability of liability insurers and does not prevent establishing their liability by proceeding against a debtor: "[a]s long as the costs of defense are borne by the insurer and there is no execution on judgment against the debtor personally, section 524(a) will not bar a suit against [a] debtor as the nominal defendant."[10] The Debtor does not bear the costs of defense under the Policy, and Aurora may accordingly pursue a claim against the Policy notwithstanding the Debtor's pending bankruptcy case.[11]

---

[6] See id. at 56 (noting that "[e]xamples of insurance policies whose proceeds are property of the estate include casualty, collision, life, and fire insurance policies in which the debtor is a beneficiary. Proceeds of such insurance policies, if made payable to the debtor rather than a third party such as a creditor, are property of the estate and may inure to all bankruptcy creditors").

[7] See id.

[8] See Policy, § I(A).

[9] Edgeworth, 993 F.2d at 54.

[10] Id.

[11] See generally Policy.

**B.     Even if the Debtor's bankruptcy estate has an interest in the proceeds from the Policy, "cause" exists for this Court to modify the automatic stay pursuant to Section 362(d) of the Bankruptcy Code to permit Aurora to make a claim against the Policy.**

18.     Even if the Debtor's bankruptcy estate has an interest in the proceeds from the Policy, which Aurora denies, "cause" exists for this Court to modify the automatic stay pursuant to Section 362(d) of the Bankruptcy Code to permit Aurora to make a claim against the Insurance Company.  While the Chapter 7 Trustee has not yet made a determination regarding whether assets will be available for distribution to the Debtor's creditors, according to the Debtor's Schedules and Statement of Financial Affairs, the Debtor has little to no non-exempt property and Aurora is not adequately protected.  Moreover, any amounts Aurora recovers from the Policy will be offset from the amounts Aurora could claim against the Debtor's bankruptcy estate, assuming that assets are recovered for the benefit of the Debtor's creditors.

19.     Accordingly, even if the Policy Proceeds are property of the Debtor's bankruptcy estate, "cause" exists for this Court to modify the automatic stay pursuant to section 362(d) of the Bankruptcy Code to allow Aurora to make a claim against the Debtor's Policy for the damages it incurred as a result of the Debtor's negligence and negligent misrepresentation.

### III.

### CONCLUSION

BASED UPON THE FOREGOING, Aurora respectfully requests that the Court enter an order: (i) granting it relief from the automatic stay so that it may make a claim against the Debtor's Policy for the Debtor's negligence and negligent misrepresentation; and (ii) granting such other and further relief to which Aurora is justly entitled.

DATED: September 21, 2007

Respectfully submitted,

/s/ Melissa S. Hayward        09/21/07
Robert T. Mowrey
Texas Bar No. 14607500
Jason L. Sanders
Texas Bar No. 24037428
Melissa S. Hayward
Texas Bar No. 24044908
LOCKE LIDDELL & SAPP PLLC
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
214/740-8000 (Telephone)
214/740-8800 (Telecopier)
**ATTORNEYS FOR AURORA LOAN SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have spoken to Eric Liepins and Shawn Brown and each advised me that he is not opposed to the relief requested herein.

/s/ Melissa S. Hayward   09/21/07
Melissa S. Hayward

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2007, a true and correct copy of the foregoing Motion was served either electronically by the Clerk of Court or via First Class Mail upon all parties listed below and upon all parties requesting electronic notice in this case.

/s/ Melissa S. Hayward   09/21/07
Melissa S. Hayward

*Debtor*
Richard C. Kirkpatrick
P.O. Box 172814
Arlington, TX 76003

*Attorney for the Debtor*
Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Rd., Suite 1100
Dallas, TX 75251

*Chapter 7 Trustee*
Shawn K. Brown
P.O. Box 93749
Southlake, TX 76092

*U.S. Trustee*
U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1496