Matthew W. Moran, SBT #24055720
Clayton T. Hufft, SBT #24056658
**VINSON & ELKINS L.L.P.**
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 220-7700
(214) 220-7716 (fax)

**ATTORNEYS FOR PRIMELENDING, A PLAINSCAPITAL COMPANY**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 07-43257-DML |
| **RICHARD C. KIRKPATRICK** | § | |
| d/b/a KIRKPATRICK & ASSOCIATES | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | Hearing Date if Needed: October 25, 2007 |
| | § | Hearing Time if Needed: 9:30 a.m. |

**UNOPPOSED MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**TO THE HONORABLE D. MICHAEL LYNN, U. S. BANKRUPTCY JUDGE:**

PrimeLending, a PlainsCapital Company ("PrimeLending") in accordance with § 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 4001, files this *Unopposed Motion for Relief from the Automatic Stay* and would respectfully show the Court as follows:

**L.R. 4001.1(B) NOTICE**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FIFTEEN (15) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND**

SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

## I. BACKGROUND FACTS

1. PrimeLending, a Texas corporation and subsidiary of PlainsCapital Bank, is a mortgage lending institution headquartered in Dallas, Texas.

2. Richard C. Kirkpatrick (the "Debtor") is a real estate appraiser licensed by the State of Texas who does business as Kirkpatrick and Associates.

3. The Debtor owns a "Real Estate Appraisers Professional Liability Insurance Policy" (the "Liberty Policy") issued by Liberty Surplus Insurance Corporation (the "Insurance Company"), which provides the Debtor malpractice insurance coverage.  A true and correct copy of the Liberty Policy is attached hereto as **Exhibit A**.

4. Pursuant to the Liberty Policy, the Insurance Company "will pay on behalf of the Insured all sums . . . which the Insured shall become legally obligated to pay as Damages and Claims Expenses . . . as a result of a Wrongful Act by the Insured or any Entity for whom the Insured is legally liable . . ."  *See* Liberty Policy at § I(A).

5. On or about March 7, 2006, the Debtor issued an independent appraisal of a residential property located at 6385 Haley Way, Frisco, Texas 75034 (the "Property") in which he valued the Property at $1,595,000.00 (the "Appraisal").

6. Based upon the Appraisal of the Property, PrimeLending funded mortgage loans (the "Loans") to David Solis, the purchaser of the Property ("Mr. Solis"), in the amount of $1,377,500.00.

7. Mr. Solis subsequently defaulted on the Loans and PrimeLending foreclosed upon the Property.  After the foreclosure, PrimeLending asserted that the Appraisal had substantially overvalued the Property.

8. PrimeLending asserts that, as a result of the Debtor's alleged overvaluation of the Property, PrimeLending was induced into making the Loans and PrimeLending anticipates that it will suffer substantial loss upon resale of the Property.[1]

9. On October 4, 2006, PrimeLending filed an Original Petition against the Debtor and certain other parties in the 160th Judicial District Court in Dallas County, Texas, commencing Cause No. 06-10312 (the "State Court Action"). In its Petition (as amended), PrimeLending alleged that the Debtor was negligent in conducting the Appraisal and that the Debtor negligently misrepresented the value of the Property.

10. On August 3, 2007, while the State Court Action was pending, the Debtor filed his voluntary petition with this Court, commencing this bankruptcy case. The Debtor filed a suggestion of bankruptcy in the State Court Action on or about August 7, 2007.

## II. RELIEF REQUESTED

11. PrimeLending respectfully requests that this Court lift the automatic stay to permit PrimeLending to proceed with the State Court Action for the limited purpose of liquidating PrimeLending's claim against the Debtor.

12. Furthermore, although PrimeLending believes the proceeds of the Liberty Policy are not property of the Debtor's estate, out of an abundance of caution, PrimeLending respectfully requests that this Court lift the automatic stay so that it can make a claim against the Liberty Policy and any other insurance policies which provide coverage to the Debtor and the proceeds of which are not property of the estate (collectively, the "Policies").

---

[1] After foreclosure, PrimeLending has attempted to sell the Property at a price which is substantially less than the amount owing on the Mortgage Loans (and thus less than the amount reflected on the Appraisal); however, to date, the Property has not been sold.

# III. ARGUMENT AND AUTHORITIES

A. **Cause Exists to Lift the Automatic Stay to Allow PrimeLending to Liquidate its Claim Against the Debtor in the State Court Action.**

13. "Cause" exists for this Court to modify the automatic stay pursuant to Section 362(d) of the Bankruptcy Code to permit PrimeLending to proceed with the State Court Action for the limited purpose of liquidating PrimeLending's claims against the Debtor as modification of the automatic stay will not hinder, delay, burden or interfere with this bankruptcy proceeding.

14. First, upon information and belief, Debtor's defense of the State Court Action and all Debtor's defense costs will be borne by the Insurance Company. *See* Liberty Policy, I(A) and IV(B); *see, also,* In re Sonnax, 907 F.2d 1280, 1286 (noting that one factor a court should consider in deciding whether to lift the automatic stay is whether the debtor's insurer has assumed responsibility for defending action against debtor). Because the Debtor's defense costs will be borne by the Insurance Company, the bankruptcy estate will not be unduly harmed or affected by the granting of relief requested herein.

15. Cause further exists in that it is necessary for PrimeLending to liquidate its claim in order for PrimeLending to participate in the Debtor's bankruptcy proceedings and to seek any proceeds under the Policies that may be available to it. Until the State Court Action is resolved, PrimeLending cannot state a liquidated claim amount in the Debtor's bankruptcy and cannot recover any Policy proceeds that would be available should damages be awarded.

16. Further, any recovery by PrimeLending will either be limited to proceeds available under the Policies and/or pursued in the Bankruptcy Court according to applicable bankruptcy law.

## B. Cause Exists to Lift the Automatic Stay to Allow PrimeLending to Make a Claim Against the Policies.

17. Cause also exists to lift the automatic stay to allow PrimeLending to make a claim against the Policies.

18. Granting PrimeLending relief from the automatic stay to allow it to make a claim against the Policies will not adversely affect the Debtor's estate because the proceeds of the Debtor's Policies are not property of the Debtor's bankruptcy estate. In the Fifth Circuit, a debtor's insurance policy is generally property of the bankruptcy estate because the debtor retains certain contractual rights under the policy itself. *See* Matter of Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993). However, under a typical liability policy, a debtor generally will not have a cognizable interest in the proceeds from the policy because the debtor usually has no right to receive and keep the proceeds when the insurer pays on a claim. *See* id. at 56. As such, the proceeds themselves are not property of the estate. *See* id.

19. Here, the proceeds from the Liberty Policy are not property of the Debtor's bankruptcy estate and PrimeLending should be permitted to make a claim against the Policies notwithstanding the Debtor's pending bankruptcy case. Under the Liberty Policy, the Insurance Company will pay "on behalf of the Debtor all sums . . . which [the Debtor] shall become legally obligated to pay as Damages and Claims Expenses." *See* Liberty Policy, § I(A). Thus, any proceeds paid from the Liberty Policy are not property of the estate and are "payable only for the benefit of those harmed by the debtor under the terms of the insurance contract." Edgeworth, 993 F.2d at 54. That is, the proceeds of the Liberty Policy will not be available to the estate or for payment of general unsecured creditors, but are limited to payment directly to those harmed by the Debtor, such as PrimeLending.

20. Furthermore, Shawn K. Brown, the Chapter 7 Trustee appointed in this bankruptcy case, and Eric A. Liepins, the attorney representing the Debtor, do not oppose this Motion.

## IV. CONCLUSION

Based on the foregoing, PrimeLending respectfully requests that the Court enter an order in the form attached hereto as **Exhibit B**: (i) granting PrimeLending relief from the automatic stay so that PrimeLending may proceed with the State Court Action against the Debtor for the limited purpose of liquidating its claim against the Debtor, (ii) granting PrimeLending relief from the automatic stay so that PrimeLending may make a claim against the Policies; and (iii) granting such other and further relief to which PrimeLending is justly entitled.

Dated: October 5, 2007

Respectfully submitted,

**VINSON & ELKINS L.L.P.**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214-220-7700
Fax: 214-220-7716

By: */s/ Clayton T. Hufft*
Matthew W. Moran, SBT #24055720
Clayton T. Hufft, SBT #24056658

**ATTORNEYS FOR PRIMELENDING**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 4, 2007, I conferred with Eric A. Liepins, counsel for the Debtor, and Shawn K. Brown, the Chapter 7 Trustee, concerning the relief sought in this Motion and each advised me that he is not opposed to the relief requested herein.

        /s/ Clayton T. Hufft
        One of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system, and via U.S. Mail to the persons listed on the service list attached hereto, on the 5th day of October, 2007.

        /s/ Clayton T. Hufft
        One of Counsel